**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Stacey L. Mitchelotti, | Case No. 2:23-cv-01579-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Tesla, Inc., a Delaware Corporation, | |
| Defendant. | |

This is an employment discrimination case. Plaintiff's counsel Michael P. Balaban, Esq. of the Law Offices of Michael P. Balaban moves to withdraw as counsel for Plaintiff Stacey L. Mitchelotti. (ECF No. 8). Mr. Balaban explains that he has been unable to reach his client after multiple attempts and believes that his client has intentionally ceased communication with him because of a disinterest in continuing litigation. (ECF No. 8-1 at 2). The Court notes that this litigation was stayed on December 27, 2023, pending arbitration between the parties. (ECF No. 7). Plaintiff has not responded to the motion. Defendant filed a non-opposition to the motion. (ECF No. 9).

Under Local Rule ("LR") IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Under Local Rule 7-2(d) the failure of a party to oppose a motion constitutes that party's consent to the granting of the motion. The Court finds that Mr. Balaban has met the requirements of LR IA 11-6(b).[1] Ms. Mitchelotti has also not responded, which constitutes her consent to the granting of the motion.

---

[1] The Court notes that Mr. Balaban last spoke to Ms. Mitchelotti on April 28, 2025, and learned that she had moved to Minnesota. (ECF No. 8-1 at 2). Mr. Balaban apparently did not acquire her new mailing address as Mr. Balaban served the present motion via U.S. Mail to Ms.

In his motion Mr. Balaban additionally argues that his withdrawal comports with the requirements of the Nevada Rules of Professional Conduct ("NRPC") 1.16(b)(1) and (5). (ECF No. 8 at 2-3). NRCP 1.16(b)(1) allows a lawyer to withdraw from representing a client only if "[w]ithdrawal can be accomplished without material adverse effect on the interests of the client[.]" Nev. Rules Pro. Conduct 1.16(b)(1). Mr. Balaban indicates that he will inform the assigned arbitrator that he is withdrawing and request time for Ms. Mitchelotti to retain new counsel. (ECF No. 8 at 3). The NRPC further provides the acceptable conditions under which an attorney may terminate representation, such as when "[t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]" Nev. Rules Pro. Conduct 1.16(b)(5). Mr. Balaban presents to the Court that his client has been unresponsive to phone calls and emails, and that because of this unresponsiveness, his client did not attend her deposition and Mr. Balaban was unable to respond to some of Defendant's discovery requests. (ECF No. 8-1 at 2). The Court therefore finds that Mr. Balaban has met the requirements and conditions to withdraw as counsel.

///
//
//
//
//
//
//
///

---

Mitchelotti's last known Nevada address, where she presumably no longer lives. (ECF No. 8 at 5). While this is concerning to the Court, it does appear that Mr. Balaban also sent the motion to Ms. Mitchelotti's email address. (*Id.*). The Court finds that this attempted service is adequate under Local Rule IA 11-6(b).

     **IT IS THEREFORE ORDERED** that Michael P. Balaban, Esq.'s motion to withdraw as Plaintiff's counsel (ECF No. 8) is **granted**. The Clerk of Court is kindly directed to remove Michael P. Balaban, Esq. as counsel of record and from the electronic service list for this case.

     **IT IS FURTHER ORDERED** that the Clerk of the Court shall add the last known address and email address of Plaintiff to the civil docket and both **email** and **mail** Plaintiff a copy of this Order:

> Stacey Mitchelotti
> 5744 Clear Haven Lane
> N. Las Vegas, Nevada 89081
> stacilynn0203@gmail.com

DATED: June 20, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE